# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DONALD McTIGUE, Individually and on behalf of others similarly situated,**

   **Plaintiff,**

vs.                             **CASE NO.:**

**SCHMITT, INC.,**
**a Florida Profit Corporation,**

   **Defendant.**

_____/

## COMPLAINT

Plaintiff, DONALD McTIGUE, Individually and on behalf of others similarly situated, by and through his undersigned counsel, and sues the Defendant, SCHMITT, INC., a Florida Profit Corporation, and alleges as follows:

## JURISDICTION AND VENUE

I.    Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *etseq.*

2.    Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 139l(b).

## PARTIES

3.    Plaintiff, DONALD McTIGUE ("McTIGUE"), is a resident of Hernando County, Florida at all times material and worked for Defendant in this Juridical District during the applicable statute of limitations.

4. Defendant, SCHMITT, INC., is a Florida Profit Corporation, authorized and doing business in this Judicial District.

5. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A).

6. Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

7. Plaintiff, DONALD McTIGUE, has been employed with Defendant from approximately the summer of 2012 to present as an non-exempt HVAC Service Technician, currently earning approximately $23.00 per hour.

8. As a Service Technician, Plaintiff worked in excess of 40 hours per work week for which he was not compensated by Defendant at a rate of time and one half his regular hourly rate.

## COUNT I
### (Fair Labor Standard Act - Overtime)

9. Plaintiff realleges paragraphs one (1) through eight (8) as though set forth fully herein.

10. The employment of Plaintiff provided for a forty (40) hour work week but throughout his respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

11. At all times material, Defendant failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiff at the rate of time and one-half his regular

rate of pay for the hours worked over forty (40) in a work week.

12. Defendant's failure to pay Plaintiff the required overtime pay was intentional and willful.

13. As a direct and legal consequence of Defendant's unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE,** Plaintiff, DONALD McTIGUE, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy and such other relief as the court may deem just and proper.

### COUNT II
### (Fair Labor Standards Act - Collective Action)

14. Plaintiff realleges paragraphs one (1) through eight (8) as though set forth fully herein.

15. The claim for violation of the FLSA is brought pursuant to 19 U.S.C.§ 216(b) for all claims asserted by Plaintiff, on behalf of himself and all others similarly situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

16. At all times material, Defendant failed to comply with 29 U.S.C. § 201 et seq., in that individuals similarly situated to Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate such individuals at the rate of time and one-half their regular rate of pay for the hours worked over forty (40) in a work week.

17. Plaintiff, and all other similarly situated, allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendant nationwide in the Service Technician

or similar position during the applicable statute of limitations, who have not been compensated at one and a half times their regular rate of pay for all work performed in excess of forty (40) hours per work week, and for Defendant's failure to maintain and preserve payroll records or other records, containing, without limitation, the total hours worked by each class member each workday and total hours worked by each class member each work week.

18. Treatment of this case as a collective action is proper because all employees employed in the Service Technician or similar position were subject to the same improper time keeping requirements and policies alleged herein.

19. Plaintiff and the class he seeks to represent are similarly situated, were subject to substantially similar time-keeping requirements and pay provisions, utilized the same time-keeping system, were required or encouraged to misrepresent, manipulate, or otherwise underreport the number of actual hours worked (i.e., performing work off-the-clock in which Defendant knew or should have known), and were subject to Defendant's common practice, policy or plan of failing to keep accurate records and failing to pay overtime in violation of the FLSA.

20. The names and addresses of the putative class members are available from Defendant for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

21. Defendant's failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

22. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE,** Plaintiff, Donald McTigue, on behalf of himself and all others similarly situated, respectfully requests all legal and equitable relief allowed by law including designation of this action as a collective action on behalf of Plaintiff and all others similarly situated, judgment against Defendant for overtime compensation, liquidated damages, and prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy, a judicial determination that the FLSA was violated, an adjudication on the merits of the case, and such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

23. Plaintiff requests a jury trial on all issues so triable.

Dated this 11th day of November 2019.

**FLORIN, GRAY, BOUZAS, OWENS, LLC**

/s/ Miguel Bouzas
MIGUEL BOUZAS, ESQUIRE
Florida Bar No.: 48943
Primary: miguel@fgbolaw.com
Secondary: gina@fgbolaw.com
WOLFGANG M. FLORIN, ESQUIRE
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

Attorneys for Plaintiff